IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BRIAN CHARLES VAETH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-08-708 |
| BOARD of TRUSTEES, FIRE & POLICE EMPLOYEES RETIREMENT SYSTEMS of BALTIMORE CITY, et al., | * * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Brian Charles Vaeth ("Plaintiff"), proceeding *pro se*, has brought this case against (1) Board of Trustees, Fire & Police Employees Retirement Systems of Baltimore City, (2) William J. Goodwin, Jr., Chief of Baltimore City Fire Department, (3) the Mayor & City Council of Baltimore City, and (4) Frederick McGrath, a hearing examiner for the Fire & Police Employees Retirement Systems of Baltimore City. Plaintiff has asserted the following causes of action against one or more of the Defendants: (1) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §1981, *et seq*. (Count One); (2) disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. (Count Two); (3) discriminatory retaliation under Maryland's Fair Employment Practices Act, Md. Ann. Code, Art. 49B, § 16(a)(1)-(2) and (f) (Count Three); (4) violations of the Due Process and Equal Protection Clauses under the Fourteenth Amendment of the United States Constitution (Count Four); (5) judicial misconduct (Count Five); and (6) breach of contract (Count Six). This Court has jurisdiction under 28

U.S.C. § 1331.[1]

On Friday, August 7, 2009, this Court conducted a hearing on three pending motions: (1) Defendants' Motion for Summary Judgment (Paper No. 38); (2) Plaintiff's Motion for Leave to File an Opposition to Defendants' Second Motion for Summary Judgment (Paper No. 47); and (3) Plaintiff's Motion for Leave to File a Cross Motion for Summary Judgment and Withdrawal of Plaintiff's Request to Compel Discovery (Paper No. 55). Although Defendants styled their dispositive motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, Defendants have yet to file an Answer to Plaintiff's Amended Complaint (Paper Nos. 29 & 32) and there has been no discovery conducted on Plaintiff's claims. Defendants acknowledged at the hearing that the legal arguments asserted in their Motion for Summary Judgment are equally applicable in the context of Rule 12(b)(6), and this Court will therefore treat Defendants' Motion for Summary Judgment (Paper No. 38) as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Treated as such, and for the reasons stated below, the motion is GRANTED, and this case will be DISMISSED. Consequently, this Court need not reach the merits of Plaintiff's two motions for leave (Paper Nos. 47 & 55), as they are both MOOT.

## BACKGROUND

This Court reviews the facts of this case in the light most favorable to the Plaintiff. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Plaintiff was hired as a

---

[1] Contrary to the arguments asserted in Defendants' brief, and as counsel for Defendants acknowledged at the hearing of August 7, 2009, this Court quite clearly has federal question jurisdiction over Plaintiff's constitutional and federal statutory claims. The fact that none of Plaintiff's federal claims has merit does not in any way affect this Court's jurisdictional authority to render them so.

firefighter by the Baltimore City Fire Department in 1993, and Plaintiff claims he was injured in the line of duty on August 2, 1996. The injury required Plaintiff to undergo surgery on a herniated disc, and he needed at least two months to recover. He further claims that he always performed at a satisfactory level while he was a firefighter, and that he was never disciplined. There has been no proffer by Defendants indicating otherwise.

On March 23, 2000, the Medical Director of the Department of Public Safety Infirmary determined that Plaintiff's back injury rendered him unable to perform the duties of a firefighter. Plaintiff appealed for specialty disability benefits, and the request was heard on September 5, 2000 by Defendant Frederick McGrath, a member of the panel of hearing examiners for the Fire & Police Employees Retirement Systems of Baltimore City. McGrath did not grant full line-of-duty benefits, but he did grant Plaintiff non-line-of-duty retirement benefits. Plaintiff declined to accept the award.

Because Plaintiff declined the non-line-of-duty retirement benefits package, he returned to his position as a firefighter in January 2001. Plaintiff's back pain persisted, and in July 2002 the Medical Director again determined that Plaintiff's back injury rendered him unable to perform the duties of a firefighter. Plaintiff's last date of employment at the Baltimore City Fire Department was on December 28, 2002. Plaintiff again sought full line-of-duty benefits. At the hearing on this second claim on August 31, 2003, the same hearing examiner (Defendant Frederick McGrath) again denied full line-of-duty benefits, but this time he also denied non-line-of-duty retirement benefits. After this second hearing on disability benefits, Plaintiff was not offered further employment at the Baltimore City Fire Department. Plaintiff believes that he was entitled to full line-of-duty benefits, and he claims that certain evidence was not admitted at his

hearings that should have been and that McGrath exceeded his discretion in denying full benefits. He also believes it was in error to have the same hearing examiner preside over his second administrative claim.

On March 17, 2008, Plaintiff filed the instant Complaint in this Court. He filed an Amended Complaint on September 15, 2008, and the second complaint now governs this case. Defendants filed their Motion for Summary Judgment (Paper No. 38) on October 8, 2008. Plaintiff did not timely submit a response, although he did include responsive arguments in his timely filed Motion to Compel Discovery (which was later withdrawn) (Paper No. 40). Plaintiff then filed a Motion for Leave to File an Opposition to Defendants' Second Motion for Summary Judgment (Paper No. 47) on January 21, 2009, and a Motion for Leave to File a Cross Motion for Summary Judgment and Withdrawal of Plaintiff's Request to Compel Discovery (Paper No. 55) on March 31, 2009. Both of the motions for leave have been fully briefed.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to

dismiss.  *Id.* at 555.  Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference.  *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level."  *Id.*  On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.  *Id.*

## DISCUSSION

*Pro se* Plaintiff has vigorously litigated this case, and he has done a commendable job given his lack of formal legal training.  He has argued on his own behalf at a telephone conference and a motions hearing, and he has filed no less than fifteen motions.  (*See* Paper Nos. 3, 9, 12, 13, 17, 19, 20, 23, 28, 29, 40, 43, 47, 52, & 55.)  Unfortunately for Plaintiff, however, the arguments raised by the Defendants spell the demise of this case.  Plaintiff's claims all suffer from procedural flaws that prevent this Court from reaching the merits of his allegations.  Therefore, without making any findings on the veracity of the underlying factual contentions, this Court must dismiss Plaintiff's case with prejudice.

Counsel for Defendants indicated at the hearing of August 7, 2009, that there are three key dates that are repeatedly relevant in reviewing Plaintiff's claims. Those dates are: (1) December 22, 2002, Plaintiff's last day of employment at the Baltimore City Fire Department; (2) August 31, 2003, the day the Plaintiff was denied full line-of-duty benefits for the last time; and (3) March 17, 2008, the date Plaintiff filed this lawsuit. Another relevant date that is worth mentioning at the outset is November 7, 2007, the date that Plaintiff alleges he filed a complaint with the EEOC.

## I.     The Americans With Disabilities Act Claim (Count One)

Defendants contend that Plaintiff's ADA claim must be dismissed because he failed to timely file a claim of discrimination with the EEOC before filing suit. *See* 42 U.S.C. § 12117(a); *Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 639 (D. Md. 2002) ("It is well settled that a plaintiff may not assert an ADA discrimination claim in court until he has exhausted the administrative remedies as to that claim."). Plaintiff has alleged that he filed a claim with the EEOC on November 7, 2007 (*see* Amend. Compl. ¶ 7, 11), although there is no documentation before this Court substantiating that an EEOC filing was made on that date. Even assuming the truth of the allegation, however, Plaintiff's ADA claim must be dismissed because an EEOC claim must be filed within 300 days of the alleged discriminatory action. *See Mayers v. Wash. Adventist Hosp.*, 131 F. Supp. 2d 743, 746 (D.Md 2001) ("Title VII and the ADA require civil rights plaintiffs to file timely charges of discrimination before pursuing a private claim in state or federal court . . . . In a deferral state like Maryland, the charge must be filed with the EEOC, or

the applicable state or local agency, within 300 days of the alleged discriminatory act.").[2] Thus, Plaintiff's filing, even if made on November 7, 2007 as he alleges, was submitted 1,211 days after his last day of employment on December 28, 2002. Consequently, Count One of the Amended Complaint must be dismissed.

## II.     The Rehabilitation Act Claim (Count Two)

Because there is no statutorily-prescribed limitations period under the Rehabilitation Act, this Court looks to the most analogous limitations period under Maryland law. This Court has previously held that the applicable state law statute of limitations is three years. *See Schalk v. Associated Anesthesiology Practice*, 316 F. Supp. 2d 244, 251 (D. Md. 2004) (holding "that the statute of limitations for Rehabilitation Act claims in Maryland is three years"); *Kohler v. Shenasky*, 914 F. Supp. 1206 (D. Md. 1995) (holding that Art. 49B was not the Maryland law most analogous to the [Rehabilitation] Act, and, accordingly, that its six-month statute of limitations should not apply). Plaintiff was terminated from employment on December 22, 2002, and his benefits were last denied on August 31, 2003. His Complaint was not filed until well after three years from those dates, on March 17, 2008. Consequently, Plaintiff's Rehabilitation Act claim must be dismissed as untimely.

## III.    Maryland Fair Employment Practices Act Claim (Count Three)

The Maryland Fair Employment Practices Act ("MFEPA") is codified in the Maryland Code at Article 49B. By legislative amendment, Article 49B was recently amended in Senate

---

[2] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

Bill 678/House Bill 314 (the "Civil Rights Preservation Act of 2006") to provide for a private cause of action for employment discrimination. *See* Md. Code Ann. art. 49B, § 11B. On April 24, 2007, Governor Martin O'Malley signed the bill. The bill became effective on October 1, 2007, but it does not apply retroactively. *See* Section 2, chs. 176 and 177, Acts 2007 (providing that "this Act shall be construed to apply only prospectively and may not be applied or interpreted to have any effect on or application to any cause of action arising before the effective date of this Act"). Because Plaintiff's allegations concern alleged discriminatory actions that occurred years before October 1, 2007, he may not assert a private cause of action under Article 49B. Therefore, Plaintiff's claim under the MFEPA must fail.[3]

## IV.     Due Process and Equal Protection (Count Four)

Plaintiff claims that his Due Process and Equal Protection rights were violated under the United States Constitution. He also claims that his rights were violated under Articles 19 and 24 of the Maryland Declaration of Rights, which encompass certain due process rights.[4] His claims

---

[3] Plaintiff's claim under the MFEPA must be dismissed for an additional reason. The MFEPA provides that "[a]ny person claiming to be aggrieved by an alleged discrimination prohibited by any section of this article may make, sign and file with the Human Relations Commission . . . a complaint in writing under oath . . . . A complaint must be filed within six months from the date of the occurrence alleged to be a violation of this article." Md. Code Ann. art. 49B § 9A. Taking his allegations for their truth, Plaintiff first filed a complaint with a EEOC (and not the Human Relations Commission) on November 7, 2007, well after the six-month window expired.

[4] Article 24 provides "[t]hat no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Article 19 provides "[t]hat every man, for any injury done to him in his person or property, ought to have remedy by the course of the Law of the land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the land."

appear to be based on both the denial of benefits and the denial of further employment as a firefighter with the Baltimore City Fire Department.[5]  As Defendants point out, Plaintiff was required to exhaust statutorily prescribed administrative remedies before seeking judicial intervention.  *See, e.g., Moose v. FOP, Montgomery County Lodge 35*, 800 A.2d 790, 801 (Md. 2002) ("The courts of this state, however, have, in cases involving administrative agency actions, held that, generally, all administrative remedies must be exhausted before a party may seek a declaratory judgment in the Circuit Court.")

As to the denial of disability benefits, Plaintiff filed an appeal with the Circuit Court for Baltimore City in 2000 (after the first denial), but later withdrew his claim.  He also filed an appeal with the Circuit Court for Baltimore City in 2003 (after the second denial), but that claim was later dismissed by the court for failure to prosecute.[6]  In neither case, therefore, did Plaintiff fully follow through with his obligation to seek judicial review of the administrative determination in state court.[7]  This lawsuit, filed many years after Plaintiff abandoned his claims

---

[5] Defendants acknowledge that Plaintiff had a property right in his employment and could not be dismissed without just cause.

[6] Plaintiff has argued that his failure to exhaust should be excused because he was at the time undergoing extensive rehabilitation for the injury to his back, and also because he was under the assumption that his second appeal to the Circuit Court for Baltimore City was stayed until he was medically fit to litigate the claim on his own behalf.  In order for equitable considerations to apply in this case, Plaintiff would have to demonstrate with credible evidence that he was truly unable to pursue his claims.  Inconvenience, hardship, and an unfamiliarity with the law are all inadequate to trigger equitable exceptions, which Maryland law does not lightly apply.  *See Hecht v. Resolution Trust Corporation*, 635 A.2d 394, 399 (Md. 1994); *Booth Glass Co. v. Huntingfield Corp.*, 500 A.2d 641, 645 (Md. 1985)).

[7] The Baltimore City Code provides that "[i]f either party to the hearing is aggrieved by the hearing examiner's determination, that party may seek judicial review of the determination by the Circuit Court for Baltimore City," and it further provides that "[i]f neither party seeks judicial review within 30 days following the mailing of the hearing examiner's written findings of fact, the hearing examiner's determination is final and binding, subject to the panel of hearing

in the Circuit for Baltimore City, is clearly untimely. As to Plaintiff's denial of continued employment, Plaintiff was required to appeal his termination to a hearing examiner appointed by the Civil Service Commission under Rule 57 of the Rules of the Baltimore Civil Service Commission. Plaintiff did not do so. If (and only if) he had appealed his termination, he could then have appealed the final administrative decision to the Circuit Court for Baltimore City for judicial review. *See* Md. Code. Ann., Lab & Empl. §§ 4-602 (stating that "[a]n employee, county, or municipal corporation aggrieved by a final decision may obtain judicial review of that decision through an appeal filed in a circuit court of appropriate venue"). Consequently, this Court must dismiss Count Four of the Complaint.

## V.    Judicial Misconduct (Count Five)

Plaintiff has asserted a claim against Defendant Frederick McGrath (the Hearing Examiner) for "judicial misconduct" because (1) his decision was based on a "mistake" (Amend. Compl. ¶ 67) and (2) he should have recused himself from the second claim for benefits in 2003 (*id.* ¶ 20). First, although claims based on judicial misconduct may be initiated by the Maryland Attorney Grievance Commission for ethical violations, or may perhaps be the factual basis of another independent legal claim for relief, there is not a cognizable legal claim for judicial misconduct that alone entitles Plaintiff to relief. Second, and more fundamentally, it cannot be disputed that Defendant Frederick McGrath is not a judicial officer, therefore he cannot be held liable for judicial misconduct, even if there were such a claim. McGrath is an administrative hearing examiner appointed on a contract basis by the Board of Estimates of Baltimore City.

---

examiners' right to reexamination . . . ." Balt. City Code, Art. 22, § 33(l)(12) & (14).

Therefore, Count Five of the Amended Complaint is dismissed.

## VI.     Breach of Contract (Count Six)

Plaintiff's final claim is for breach of contract based on the fact that, on the one hand, he was told that he could not perform his duties by the Baltimore City Fire Department, and, on the other hand, he was not found to be totally disabled by the hearing examiner. The contract under which he is asserting his claim appears to be the collective bargaining reached between the Baltimore Fire Fighters, Local 734, Association of Firefighters, AFL-CIO ("Local 734") and the City of Baltimore. That labor contract is known as the Memorandum of Understanding, and it provides that an employee who protests the fairness of a termination is required to seek an appeal to the Civil Service Commission within five days of the termination. If no request is made within five days, however, "the commission shall act upon his removal and approve it, or order an investigation, in accordance with the provisions of Rule 57." In this case, Plaintiff never filed a request with the Commission or authorized a request through a union representative, and certainly did not do so within five days. Consequently, Plaintiff may not seek relief in this Court for an alleged violation of the union contract.

## CONCLUSION

At the hearing conducted on Friday, August 7, 2009, Plaintiff made clear that it has always been his desire to be a firefighter. Whether or not that desire was justifiably and legally thwarted is not reached in this opinion. This Court finds that, for the various procedural flaws discussed above, Plaintiff is unable to pursue any of his claims in this Court so many years after he was allegedly wronged. Therefore, Defendants' Motion for Summary Judgment (Paper No. 38) is GRANTED, and Plaintiff's Motion for Leave to File an Opposition to Defendants' Second

Motion for Summary Judgment (Paper No. 47) and Motion for Leave to File a Cross Motion for Summary Judgment and Withdrawal of Plaintiff's Request to Compel Discovery (Paper No. 55) are both MOOT.  A separate Order follows.


Dated:   August 11, 2009                              /s/                                                             
                                                                  Richard D. Bennett
                                                                  United States District Judge