IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN CHARLES VAETH, | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: RDB-08-0708 |
| v. | * | |
| BOARD OF TRUSTEES, FIRE & POLICE EMPLOYEES RETIREMENT SYSTEMS OF BALTIMORE CITY, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

This *pro se* action arises from Plaintiff Brian Charles Vaeth's ("Plaintiff" or "Vaeth") repeated and unsuccessful allegations of discrimination and other misconduct by Defendants Board of Trustees, Fire & Police Employees Retirement Systems of Baltimore City ("F&PRS"); Mayor and City Council of Baltimore (the "City"); George Nilson, City Solicitor for Baltimore City ("Nilson"); James Levy, MD, Medical Director of the Public Safety Infirmary ("Dr. Levy"); Frederick McGrath, former Hearing Examiner of F&PRS ("McGrath"); Thomas Taneyhill, former Executive Director F&PRS ("Taneyhill"); James Clack, former Chief, Baltimore City Fire Department ("Clack"); and Stephan Fugate, former Chairman, F&PRS ("Fugate") (collectively, "Defendants").

On August 11, 2009, this Court dismissed this case, concluding that Plaintiff had failed to plead any plausible claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Order, ECF No. 62; *see also* Mem. Op., ECF No. 61. Vaeth noted an appeal to

the United States Court of Appeals for the Fourth Circuit, and that court affirmed this Court's ruling on November 23, 2010. J. of USCA, ECF No. 69. Less than a year later, Vaeth filed another action in this Court in which he raised issues and allegations identical to those previously dismissed. *Vaeth v. Mayor and City Council of Baltimore*, Civ. A. No. WDQ-11-0182, 2011 WL 4711904 (D. Md. Oct. 4, 2011). Judge Quarles of this Court dismissed that case, concluding that the second case consisted solely of issues previously adjudicated and dismissed by this Court. *Id.* Vaeth appealed the second dismissal as well, but the Fourth Circuit again affirmed the dismissal. *Vaeth v. Mayor and City Council of Baltimore*, 471 F. App'x 124, 2012 WL 1142249 (4th Cir. Apr. 6, 2012).

In his latest episode effort to re-open and re-litigate this case, Plaintiff filed the pending Rule 60(d)(3) Motion to Set Aside Judgment for Fraud on the Court (ECF No. 71); Motion for Leave to Amend Plaintiff's Reply (ECF No. 74); and Motion for Leave to File a Request to this Court to Ascertain Status (ECF No. 75). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Plaintiff's Rule 60(d)(3) Motion to Set Aside Judgment for Fraud on the Court (ECF No. 71) is DENIED WITH PREJUDICE; Plaintiff's Motion for Leave to Amend Plaintiff's Reply (ECF No. 74) is GRANTED; and Plaintiff's Motion for Leave to File a Request to this Court to Ascertain Status (ECF No. 75) is MOOT.[1]

## **ANALYSIS**

In the guise of a motion to set aside judgment pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, Plaintiff again attempts to relitigate his unsubstantiated and

---

[1] As this Memorandum Order will address the status of this case, Vaeth's Motion for Leave to File a Request to this Court to Ascertain Status is unnecessary. This Motion is consequently moot.

rejected claims of discrimination. Vaeth asserts, *inter alia*, that "City Solicitor George Nilson along with Assistant Solicitor Sabrina Willis and Assistant Chief Rod Devilbiss, Jr. conspired to commit fraud upon the court in order to obstruct justice[.]" Pl.'s Rule 60(d)(3) Mot., 3, ECF No. 71-1. Rather than offer any supporting facts, Plaintiff simply repeats these claims of "fraud on the court" and "obstructing justice" throughout his many filings in this Court. *See, e.g.*, Mem. Op. at 14 n. 30; Mot. for Leave to File a Request to this Court to Ascertain Status, 7, 9, ECF No. 75.

Under Rule 60(d), a court is empowered to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). As a precise definition of "fraud on the court" is "elusive," the Fourth Circuit has advised that the term must be "construed very narrowly[.]" *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, et al.*, 675 F.2d 1349, 1356 (4th Cir. 1982). "Fraud on the court" is thus "confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court . . . is directly impinged." *Id.* A court will set aside a judgment for "fraud on the court" only where enforcement of the judgment "would be manifestly unconscionable." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 130 (4th Cir. 2000) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944)).

In this case, Plaintiff fails even to identify the particular "fraud on the court" allegedly perpetrated by the Defendants. He repeatedly refers to claims of fraud and perjury, but in no way connects them to a degradation of this Court's integrity. Indeed, Plaintiff's arguments are merely a reiteration of his disagreements with this Court's previous rulings, the Fourth Circuit's previous rulings, and Defendants' earlier testimony and arguments in support of

dismissal. Vaeth is entitled to his disagreement, but without any facts supporting the claimed "fraud on the court," the judgment will not be set aside.

Moreover, he may not abuse the judicial process by continuing to file spurious claims against Defendants and Defendants' counsel. Not only have two judges of this Court dismissed Plaintiff's allegations, but the Fourth Circuit has upheld these dismissals on two occasions. This case will thus remain closed and all claims dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to satisfy the requirements of Rule 60(d)(3) of the Federal Rules of Civil Procedure. Accordingly, it is this 29th day of February, 2016, HEREBY ORDERED that:

1. Plaintiff's Rule 60(d)(3) Motion to Set Aside Judgment for Fraud on the Court (ECF No. 71) is DENIED WITH PREJUDICE;

2. Plaintiff's Motion for Leave to Amend Plaintiff's Reply (ECF No. 74) is GRANTED;

3. Plaintiff's Motion for Leave to File a Request to this Court to Ascertain Status (ECF No. 75) is MOOT;

4. This case will remain CLOSED; and

5. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

/s/
Richard D. Bennett
United States District Judge